**<u>ORAL ARGUMENT NOT YET SCHEDULED</u>**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| AMERICAN PETROLEUM INSTITUTE, et al., | ) ) ) |
| *Petitioners*, | ) CASE NO. 22-1222 ) |
| v. | ) ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR, et al., | ) ) ) |
| *Respondents*. | ) ) |

**<u>JOINT MOTION TO GOVERN FURTHER PROCEEDINGS</u>**

On October 3, 2022, the Court ordered that this case be held in abeyance pending a ruling by the U.S. District Court for Western District of Louisiana on Respondents' motion to dismiss for lack of subject matter jurisdiction a prior-filed claim in *American Petroleum Institute, et al. v. U.S. Dep't of the Interior, et al*, No. 2:21- CV-2506.  In that case, Petitioners challenged Respondents' same alleged failure to act that is challenged by Petitioners' Petition for Review in this case.

On November 3, 2022, the district court, *inter alia*, granted Respondents' motion to dismiss that claim without prejudice (ECF No. 97).  Accordingly, per this Court's prior Order, the Parties met and conferred and now submit this joint motion to govern further proceedings in this case.

1

The Parties have elected to use a deferred appendix pursuant to Fed. R. App. P. 30 and D.C. Cir. Rule 30. *See* Statement of Intent to Utilize Deferred Joint Appendix, Doc. No. 1966200 (Sept. 26, 2022).

The Parties disagree on the due date for Respondents' brief. Respondents seek 60 days (rather than 30 days) to respond to Petitioners' opening brief. The Parties' respective proposals for the Court's consideration are as follows:

| Document | Petitioners' Proposed Due Date | Respondents' Proposed Due Date |
|---|---|---|
| Petitioner's Opening Brief | January 17, 2023 | January 17, 2023 |
| Respondents' Brief | February 16, 2023 | March 20, 2023 |
| Petitioner's Reply Brief | March 9, 2023 | April 10, 2023 |
| Deferred Joint Appendix | March 16, 2023 | April 17, 2023 |
| Final briefs | March 23, 2023 | April 24, 2023 |

**Respondents' Position on the Briefing Schedule**

Respondents' position is that they will need 60 days to prepare their response to Petitioners' opening brief. This case involves a national program for leasing under the Outer Continental Shelf Lands Act (OCSLA). Petitioners' claim implicates both (1) the threshold question of whether the Department of the Interior has failed to fulfill a nondiscretionary duty as to the Five-Year Leasing Program, and, if necessary, (2) the secondary question of what remedy, if any, is appropriate if there is such a failure. Interior anticipates that the second issue will

require substantial time and effort by Interior to address factors relevant to any remedy. *See generally* Interior National OCS Oil and Gas Leasing Program for 2023-2028, https://www.boem.gov/oil-gas-energy/national-program/national-ocs-oil-and-gas-leasing-program-2023-2028 (announcing in July 2022, a Proposed Program and draft Environmental Impact Statement for the new Five-Year Leasing Program).

In addition, the drafting and preparation of Interior's brief will require substantial coordination and review at multiple levels at both Interior and the Justice Department. Once undersigned counsel drafts the brief, it must undergo multiple rounds of review and editing by attorneys and managers, both at Interior and the Justice Department. The brief will likely go through at least four to five rounds of review and editing. During this period, undersigned counsel also will be responsible for meeting other litigation deadlines. In addition, undersigned counsel manages the petitions for review practice for the Appellate Section in the Environment and Natural Resources Division at the Justice Department. In this role, he routinely reviews and edits filings and counsels attorneys and agencies in petitions for review case. Taking account of these other obligations, undersigned counsel anticipates needing the full 60-day period to complete the drafting, review, and approval process for Interior's brief.

Finally, beginning in August 2021, several Petitioners elected to pursue the claim at issue in this case in the Western District of Louisiana. *American Petroleum Institute, et al. v. U.S. Dep't of the Interior, et al*, No. 2:21- CV-2506 (W.D. La.). Interior moved to dismiss that claim, asserting that this Court was the court with exclusive jurisdiction over that claim. Although Petitioners filed this Petition for Review in August 2022, they requested that this Court hold the Petition in abeyance pending the outcome of the government's motion to dismiss in the Western District of Louisiana. Petitioners' Motion to Hold Case in Abeyance, Doc. No. 1966204 (Sept. 26, 2022). Now that the Western District of Louisiana has dismissed that claim, Petitioners insist that Interior should only have 30 days to respond. Petitioners' election to pursue their claim in the Western District of Louisiana since August 2021 is no reason to deprive Interior of the time that it needs to fully defend its position in this Court.

**<u>Petitioners' Position on the Briefing Schedule</u>**

Petitioners believe that additional time for Respondents' Brief is unnecessary. This case presents a single, straightforward issue of Respondents' failure to timely perform their nondiscretionary obligation to prepare and maintain a Five-Year Leasing Program for leasing federal oil and gas on the Outer Continental Shelf as required by the Outer Continental Shelf Lands Act. The previous Program expired on July 1, 2022, and Respondents have not committed

4

even to a date for adoption of the next Program. Petitioners' original filing of this claim in the Western District of Louisiana has no bearing on the appropriate time for a response brief in this Court after the opening brief is filed, for which the applicable Court rules provide 30 days. Fed. R. App. P. 31(a)(1). Nor does this Court's prior abeyance Order—the Magistrate Judge issued a report and recommendation on the motion to dismiss a mere two days after this Court's Order, and the district court issued its final ruling less than 30 days later. Additional briefing delays in this Court are unnecessary and would exacerbate the underlying failure to act at issue in this case.

## CONCLUSION

The Parties respectfully request that the Court enter an order establishing a briefing schedule.

Dated: December 5, 2022

Respectfully submitted,

/s/ *Justin D. Heminger*
TODD KIM
Assistant Attorney General
JUSTIN D. HEMINGER
Attorney
Environment and Natural Resources
 Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 514-5442
justin.heminger@usdoj.gov
*Counsel for Respondents*

/s/ *James M. Auslander*
James M. Auslander
Peter J. Schaumberg
BEVERIDGE & DIAMOND, P.C.
1900 N Street, N.W., Suite 100
Washington, DC 20036
(202) 789-6009
jauslander@bdlaw.com
pschaumberg@bdlaw.com
*Attorneys for Petitioners*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 908 words. I further certify, pursuant to Fed. R. App. P. 27(d)(1)(E), that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Times New Roman 14-point font using Microsoft Word.

*/s/ Justin D. Heminger*
JUSTIN D. HEMINGER

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2022, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system, which will send and serve notifications of the foregoing to all counsel of record.

*/s/ Justin D. Heminger*
JUSTIN D. HEMINGER